IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

EDWINA ROGERS,                         )
                                       )
                 Plaintiff,            )
        v.                             )          Case No. 1:13-cv-00098-GBL-TRJ
                                       )
JON DEANE, *et al.*,                   )
                                       )
                 Defendants.           )
                                       )


## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants Jon Deane and Gaffery Deane Talley, PLLC's Motion for Summary Judgment (Doc. 29). This case concerns Plaintiff Edwina Clifton Rogers' claim that her former accountant Jon Deane conspired with her ex-husband Ed Rogers to burden her with household employee taxes and cripple Plaintiff's financial ability to challenge Mr. Rogers for custody of their two children. Specifically, this case is an accountant malpractice claim. Plaintiff alleges that her accountant Mr. Deane had a conflict of interest when he prepared a separate tax return for Mr. Rogers taking all of the deductions and credits, concealed information from Plaintiff, lied to Plaintiff, and conspired with Mr. Rogers to destroy Plaintiff's business. The threshold question is whether Plaintiff has demonstrated that a genuine of fact remains for trial. There are three issues before the Court.

The first issue is whether Plaintiff can recover for breach of contract where (1) she has not produced a contract and disputes the validity of the letter contract Defendants have produced; (2) Defendants assert that their actions were not the proximate cause of her damages; and (3) Defendants assert that Plaintiff has failed to provide evidence that her damages were in the contemplation of the parties at the time of contracting.

The second issue is whether Plaintiff can plead a breach of an implied covenant of good faith and fair dealing as an independent cause of action.

The third issue is whether Plaintiff can recover under a theory of statutory business conspiracy where (1) Defendants claim to have an agency relationship with Mr. Rogers; (2) Plaintiff's legal malice theory is derived from the divorce dispute; and (3) Defendants claim that it was Plaintiff's own actions in not paying her taxes that proximately caused any injury to her business.

The Court GRANTS Defendants' Motion for Summary Judgment (Doc. 29) for three reasons. First, the Court holds that Plaintiff's claim for unpaid taxes, penalties, and interest are consequential damages for which Defendant Mr. Deane is not liable. Plaintiff has failed to provide facts showing that Defendants agreed to be liable for paying Plaintiff's taxes at the time of contracting or that Defendants' actions were a proximate cause of her damages.

Second, the Court grants Defendants' Motion for Summary Judgment on Count II of the Complaint because Plaintiff's claim for breach of covenant of good faith and fair dealing is not an independent cause of action. The Court dismisses Count II of the Second Amended Complaint as duplicative of the breach of contract claim in Count I.

Third, the Court holds that with respect to the statutory business conspiracy claim, Defendant Jon Deane and Mr. Rogers were one legal entity because they had an agency relationship and therefore could not legally conspire. Additionally, the Court holds that even if Mr. Rogers and Defendants could legally conspire, Plaintiff fails to present a prima facie case of business conspiracy because she fails to adequately show legal malice toward or injury to Clifton Consulting proximately caused by Defendants. Therefore, the Court also grants summary judgment on Count III of the Second Amended Complaint.

2

## I.  BACKGROUND

Plaintiff Edwina Clifton Rogers ("Mrs. Rogers") and Edward Rogers ("Mr. Rogers") were a married couple who, before their separation, filed joint tax returns. Defendant Jon Deane ("Mr. Deane") is a certified public accountant and practices accounting as a member of Defendant Gaffery Deane Talley, PLLC ("GDT"). (Doc. 24, ¶ 7.) Plaintiff and Mr. Rogers employed Mr. Deane from the mid-1990s to 2010 for his professional tax and accounting services. (*Id.* ¶¶ 17-18.) From 1999 to 2008, Mr. Deane prepared federal income tax returns, IRS Form 1040s, and state income tax returns for Plaintiff and Mr. Rogers using the filing status "Married Filing Jointly" (sometimes referred to herein as "joint" or "married filing joint" returns). (Doc. 30, at 3.)

Beginning in 1999, Plaintiff and Mr. Rogers employed various child care employees and were required to pay FICA (Federal Insurance Contributions Act) tax and federal income taxes. (Doc. 24,     ¶ 34.) Plaintiff was the statutory employer for purposes of the employment taxes, and her social security number and employer identification number were used for payroll. (*Id.* ¶ 35.) From 1999–2008, Mr. Deane filed a Schedule H[1] with the couple's joint return identifying the Plaintiff as the statutory employer for purposes of the employment taxes, even though Mr. Rogers paid the household employees' salaries and the tax-related liabilities. (*Id.* ¶ 37.)

In September of 2009, Plaintiff legally separated from Mr. Rogers, but continued to reside in the same home through 2012. (*Id.* ¶ 12.) On or before April 15, 2010, Mr. Deane filed a joint IRS Form 4868, Application for Automatic Extension of Time to File U.S. Federal Income

---

[1] A Schedule H is used to report household employment taxes to the IRS if the employer pays any of the following wages to the employee: Social security and Medicare wages of $1,800 or more, FUTA wages, or wages from which you withhold federal income tax. The Schedule H can only be filed by the legal employer whose Employer Identification Number ("EIN") is used for employment purposes.

3

Tax Return[2] ("Extension Application") for Plaintiff and Mr. Rogers as he customarily had filed in the previous years. (*Id.* ¶¶ 43, 54; *see also* Doc. 30-6.) The Extension Application indicated that the Rogers estimated that they had no remaining tax liability.[3] (Doc 30-6.) Ultimately, Mr. Deane prepared Mr. Rogers' taxes as "married filing separately" per his instructions. (Doc. 24, ¶ 54.) On July 6, 2010, Plaintiff became aware that Mr. Rogers had filed a tax return for himself as "married filing separately" and had claimed all of the exemptions, deductions, and credits and burdened Plaintiff with the liability for the household employees. (*Id.* ¶¶ 54, 98; *see also* Doc. 30-17.) On that same day, Plaintiff fired Mr. Deane and his accounting firm. (Doc. 30-3.)

Mr. Deane prepared a draft federal income tax return which he shared with Plaintiff in August 2010.[4] (Doc 38-8, ¶ 22.) Defendants state that Mr. Rogers, rather than Plaintiff, received the exemption for the children because Plaintiff was subject to Alternative Minimum Tax, and as such, she was not allowed to take deductions for personal exemptions. (Doc. 30, at 20.) Additionally, Mr. Deane placed the mortgage interest deduction on Mr. Rogers' tax return because he paid the mortgage from his checking account. (*Id.*) Mr. Deane did not include the Schedule H (tax liability for the household employees) on Mr. Rogers' tax return because Plaintiff was the legal employer for those employees. (Doc. 24, ¶ 72.)

According to the draft federal income return Mr. Deane prepared, in 2009, Plaintiff earned over $90,000 in taxable business income but only had $80 in taxes withheld. (Doc. 30-5; *see also* Doc. 38-10, ¶ 12.) The draft return indicated that Plaintiff had $56,257 in taxes due:

---

[2] Upon submission of an extension application, taxpayers have until October 15th to submit their returns, although any outstanding tax liability is still due on April 15th. (Doc. 30-7.)
[3] The Application indicated that the estimated tax liability for 2009 was $300,000. It stated that the total amount paid in 2009 was $304,631 and as such, the balance due was $0.

[4] Defendants claim that the draft return was shared with Plaintiff in July of 2010, while Plaintiff claims that she did not receive it until August 2010. The Court assumes Plaintiff's version of the facts for the purposes of this Motion for Summary Judgment.

$26,667[5] in household employee taxes, $13,520 in self-employment taxes, and $14,930 in unpaid taxes from her income. (*Id.*) As such, more than half of Plaintiff's tax liability was a result of the income that she had earned in 2009 without paying taxes. Additionally, the draft return indicated only $760 in penalties and interest. (*Id.*) Plaintiff did not file this draft tax return. (Doc. 24, ¶ 98.) Instead, Plaintiff retained a new accountant and filed her "married filing separately" return on or before October 15, 2010 and did not pay her tax liability at that time. (Doc. 38-10, ¶ 35.)

The couple's intent to divorce was known to Mr. Deane at the time he filed the Extension Application and later when he filed the 2009 federal and state separate income tax returns. (*Id.* ¶ 63.) Plaintiff and Mr. Rogers' divorce was made final on September 17, 2012. (*Id.* ¶ 15.) Mr. Deane is still employed by Mr. Rogers and continues to receive a substantial portion of his business income either directly or indirectly from Mr. Rogers. (*Id.* ¶ 66; *see also* Doc. 30-2.)

Plaintiff responded to an IRS deficiency notice in April of 2011, admitting that she was liable for back taxes and that she did not have enough money to pay her taxes because of her ongoing divorce proceedings. (Doc. 30-17.) In the same letter, Plaintiff indicated that in most of the last ten years, she did not review the tax returns, but she was aware that extension requests were filed in April and July and the filings were ultimately submitted in October. (*Id.*) The IRS filed a Notice of Federal Tax Lien against Plaintiff in June of 2011, almost a year after she fired Mr. Deane, because Plaintiff had not paid her taxes. (Doc. 38-10, ¶ 39.)

Plaintiff filed a lawsuit on January 19, 2012 in Fairfax County Circuit Court against Mr. Rogers, her children's nanny, a psychiatrist, and Mr. Deane alleging defamation, common law conspiracy, intentional infliction of emotional distress, violations of the Virginia Computer

---

[5] Plaintiff's Second Amended Complaint states that from 2009 through September of 2010, Mr. Rogers did not pay the required household employee taxes.

Crimes Act, and constructive fraud. (Doc. 30-14.) In that case, the parties exchanged discovery including interrogatories, requests for admissions and document production. (Doc. 30, at 5.) Ultimately, Plaintiff voluntarily dismissed her claims against Mr. Deane. (*Id.*)

Plaintiff filed the current action on January 23, 2013 and amended her complaint on March 13, 2013, seeking compensatory, punitive, and treble damages for additional interest, penalties, unpaid 2009 employment taxes, and a host of other damages. (Doc. 8.) She alleged that Mr. Rogers and Mr. Deane conspired against her by continually representing both parties despite a conflict of interest, diverted hundreds of thousands of dollars in credits and tax deductions into Mr. Rogers' tax return, diverted the tax liabilities into Plaintiff's tax returns, intentionally damaged Plaintiff's reputation and business, and actively concealed his malfeasance from Plaintiff. (Doc. 24.) Defendants moved to dismiss or in the alternative for summary judgment on May 15, 2013. (Doc. 9.)

Following Plaintiff's Opposition to the Motion to Dismiss, the Court held a hearing on July 26, 2013. Ultimately, the Court granted Defendants' Motion to Dismiss on a number of grounds and allowed Plaintiff leave to amend her complaint. (Doc. 21.) Specifically, the Court held:

- There is no separate tort claim because accounting malpractice is a claim grounded in contract (*Id.* at 46–48);

- Plaintiff failed to adequately plead proximate cause and actual damages because (1) it was always Plaintiff's personal obligation to pay the taxes; (2) Plaintiff knew about the liability; and (3) the fact that Plaintiff did not have funds to pay the taxes does not shift the liability to the accountant (*Id.* at 50–51);

- Plaintiff failed to adequately plead that the consequential damages were in the

contemplation of the parties at the time of contracting (*Id.* at 49–53);

- The Court held Plaintiff cannot recover for mental anguish in connection with a professional negligence claim (*Id.* at 50);

- The facts as pled were not outrageous as a matter of law and as such there was no claim for intentional infliction of emotional distress (*Id.* at 53–54); and

- Mr. Rogers and Mr. Deane had a principal/agent relationship and therefore as a matter of law could not enter into a conspiracy (*Id.* at 54–55).

On August 16, 2013, Plaintiff amended her complaint and pled three counts against Defendants, seeking relief for breach of contract, breach of covenant of good faith and fair dealing, and statutory business conspiracy pursuant to Va. Code §§ 18.2-499 and -500. (Doc. 24.) Plaintiff claims that she has owned a government relations consulting business since 2004 known as "Clifton Consulting" that was injured as a result of Defendants' actions. (*Id.* ¶ 84.) In addition, Plaintiff maintains that she sustained damages as a result of Defendants' actions resulting in additional taxes, penalties and interest for late filing and failure to pay taxes, a federal tax lien and accompanying penalties and interest, inability to get credit, difficulty finding suitable employment, emotional and physical distress, damage to her reputation, and additional costs to retain another accountant and attorneys. (*Id.* ¶¶ 97–107.) Defendants filed this Motion for Summary Judgment on September 12, 2013. The Court held oral arguments on the Motion for Summary Judgment on October 18, 2013. On November 4, 2013, the Court entered an Order granting Defendants' Motion for Summary Judgment. (Doc. 43.)

## II.   DISCUSSION

### A. Standard of Review

The Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247–48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477

8

U.S. at 248). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Analysis

The Court grants Defendants' Motion for Summary Judgment on all of Plaintiff's claims: breach of contract, breach of covenant of good faith and fair dealing, and statutory business conspiracy. First, a number of the arguments that Plaintiff presents regarding breach of contract, the foreseeability of damages, and statutory business conspiracy were already considered by this Court in the hearing on Defendants' Motion to Dismiss and were dismissed as insufficiently pled. In amending her complaint, rather than adding new facts to support these contentions, Plaintiff supplemented with conclusory statements. Plaintiff's claim for consequential damages fails because Plaintiff has not put forth any evidence demonstrating that Mr. Deane agreed to be responsible for paying her taxes, interest, or penalties. Plaintiff has also failed to demonstrate that her damages were proximately caused by Defendants' actions.

The Court grants Defendant's Motion for Summary Judgment on Plaintiff's claim for breach of covenant of good faith and fair dealing because this claim is not an independent cause of action. Plaintiff's claim for statutory business conspiracy fails because a conspiracy requires two or more persons to act and Defendants and Mr. Rogers were one legal entity because they had an agency relationship. Finally, even if Mr. Rogers and Mr. Deane could legally conspire, Plaintiff fails to present a prima facie case of business conspiracy because she fails to adequately show Defendant acted with legal malice or intent to injure to her business

Virginia law applies in this case. The Court has diversity jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1), and must apply the substantive law of the forum state. *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938).

### a. Breach of Contract

The Court grants Defendants' Motion for Summary Judgment with respect to Plaintiff's breach of contract claim. Plaintiff's claim for consequential damages fails because Plaintiff has not demonstrated an issue of fact showing that her damages were in the contemplation of the parties when they entered into the contract or that Defendants proximately caused those damages.

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004) (citations omitted); *see also Forte v. Atkins*, 68 Va. Cir. 411 (2005) (outlining same three elements for accountant malpractice claim).

Proof of actual damages is an essential element of a breach of contract claim. *Pilar Servs., Inc. v. NCI Info. Sys., Inc.*, 569 F. Supp. 2d 563, 568 (E.D. Va. 2008); *see also Carley Capital Grp. v. Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989) ("[I]n order to recover for a breach of contract . . . plaintiffs must prove by a preponderance of the evidence . . . that the breaches are the cause of actual damages to the plaintiff"). Virginia recognizes two types of contract damages: direct and consequential damages. *Blue Stone Land Co., Inc. v. Neff*, 526 S.E.2d 517 (Va. 2000).

Direct damages are those which arise naturally or ordinarily from a breach and which might reasonably have been expected to result from a breach of the contract. *Roanoke Hosp.*

10

*Ass'n v. Doyle & Russell, Inc.*, 214 S.E.2d 155 (Va. 1975). Direct damages are recoverable regardless of whether the parties actually foresaw them as likely consequences of breach. *Danburg v. Keil*, 365 S.E.2d 754 (Va. 1988); *W.U. Tel. Co. v. Reynolds*, 77 Va. 173, 1883 WL 5488 (1883). Consequential damages "occur from the intervention of special circumstances that are not ordinarily predictable." *Long v. Abbruzzetti*, 487 S.E.2d 217, 126-27 (Va. 1997) (citations omitted). A party may receive consequential damages only where the special circumstances were within the contemplation of all parties at the time the contract was made. *Id.* at 127 (citations omitted). Whether damages are direct or consequential is a question of law. If determined to be consequential, then whether special circumstances giving rise to damages were within the contemplation of the parties is a question of fact. *R.K. Chevrolet, Inc. v. Hayden*, 480 S.E.2d 477, 481 (Va. 1997).

Virginia courts have interpreted accountant malpractice claims to be similar to legal malpractice claims in that such claims are professional malpractice claims in which the duty of the accountant arises from the agreement with the client. *Forte*, 68 Va. Cir. 411. In *Hazel & Thomas v. Yavari*, 465 S.E.2d 812, 815 (Va. 1996), the Virginia Supreme Court held that the question of proximate causation in an attorney malpractice case is subject to an initial determination of law before becoming an issue to be decided by the trier of fact. If "the evidence is such that reasonable minds could not differ as to the outcome, the issue of proximate cause should be decided by the court, not the jury." *Id.*

Although Plaintiff alleges a breach of contract claim, she has failed to produce a contract upon which her claim is based. In order to survive the Motion for Summary Judgment, Plaintiff must put forth some facts to show what was in the contemplation of the parties with respect to consequential damages. In support of their Motion for Summary Judgment, Defendants attach as

11

Exhibit 2 a contractual engagement letter from Mr. Deane to Plaintiff and Mr. Rogers, dated May

4, 2010, confirming and specifying the terms of Defendants' employment engagement with the

Rogers for the preparation of their 2009 joint (or individual, if applicable) federal tax return. The

letter explicitly provides:

> This engagement letter is contractual in nature, and includes all of
> the relevant terms that will govern the engagement for which it has
> been prepared. If, after full consideration and consultation with
> counsel, you agree to authorize us to prepare the returns pursuant
> to the terms set forth above, please sign and date this letter as
> specified below and return the executed letter to this office. . .If the
> firm does not receive from you the original of this letter, in fully
> executed form, but receives from you a completed copy of the
> enclosed tax organizer and/or supporting documentation requested
> therein, then such receipt by this office shall be deemed to
> evidence your acceptance of all of the terms set forth above.

(Doc. 30-2.) As Mr. Deane received the requested documentation from Plaintiff and Mr. Rogers

and subsequently prepared returns for both, Defendants maintain that this letter was the valid

contact governing this dispute. Furthermore, Mr. Rogers provided an affidavit stating that

Exhibit 2 is a true and accurate copy of the agreement pursuant to which Mr. Deane prepared the

tax return, and that under that contract, he paid $5,000 for the preparation of the tax returns.

(Doc. 30-4.)

Plaintiff responded by stating that she never received, saw, signed nor agreed to this

contract or any prior versions of the contract. (Doc. 38-8.) She did not, however, provide any

other contract to support her breach of contract claim. She now contends in a footnote that

Defendants have violated an implied agreement to exercise a reasonable degree of care and skill

by agreeing to perform accounting services. (Doc. 38, at 9.)

Plaintiff's argument of this new implied agreement is unpersuasive for two reasons. First,

Defendants agreed to provide accounting services under the belief that the terms of this

document applied limiting liability. Second, the breach of an implied duty to exercise a

12

reasonable degree of care and skill is a duty that still arises from the contractual relations between the parties. *Forte*, 68 Va. Cir. at *2. Therefore, evidence of the terms of the contract and what the parties agreed to be liable for is still necessary.

Because resolution of the issue of whether or not Plaintiff entered into the Letter of Engagement is a question of fact which may not be decided by the Court on a Motion for Summary Judgment, the Court denies the Defendant's Motion for Summary Judgment as to breach of the "Letter of Engagement." Therefore, the Court will decide the Motion on the question of law as to consequential damages only. In oral argument on the Motion to Dismiss, Plaintiff's attorney conceded that Plaintiff's claimed penalties and interest are consequential damages. (Doc. 21, Hr'g Tr. 29, July 26, 2013.) Plaintiff must present facts tending to show a genuine dispute of fact that the Defendant and Plaintiff agreed at the time of contracting that the Defendant accountant agreed to take on the responsibility for paying for Plaintiff's unpaid income taxes, penalties on unpaid taxes, tax liens, and damage to Plaintiff's business. Plaintiff has amended her complaint to add conclusory statements regarding the foreseeability of her damages. Plaintiff has not come forward with any affidavit demonstrating a question of fact. Plaintiff does not allege she has any evidence of a conversation with Mr. Deane at the time of his engagement where the parties discussed these liabilities. She denies having any conversation with Mr. Deane about preparation of her taxes. Paradoxically, Plaintiff's only support for her assertion that her damages were foreseeable is that the letter engagement contract, which she says does not apply to the dispute, mentions these types of damages. (Doc. 38, at 15-17.)

Plaintiff's logic is counterintuitive. The contract explicitly states that Defendants would *not* be liable for interest, penalties, consequential, or indirect damages. This shows that it was Defendants' explicit contemplation that liability for these kinds of damages was on the client,

because Defendants expressly disclaimed liability for unpaid taxes and penalties. During oral arguments, Plaintiff argued that the express letter contract was invalid. The Court repeatedly questioned Plaintiff's attorneys regarding what proof Plaintiff had that Defendants agreed to be liable for the types of damages that she was requesting. Plaintiff's attorneys were unable to point to any evidence of facts specific to show that Defendants contemplated being liable for these types of damages when they agreed to provide their services to Plaintiff and her husband.

Furthermore, Plaintiff has not come forward with evidence demonstrating a question of fact as to proximate cause.  As the taxpayer, Plaintiff is personally responsible for paying her own taxes. Plaintiff did not pay her taxes. Plaintiff failed to pay her taxes on time and she incurred additional liabilities for penalties and interest. The Court previously ruled that the payment of personal taxes and any consequences that flow from the non-payment are her personal responsibility. (Doc. 21, Hr'g Tr. 50:15–52:24, July 26, 2013.) Mr. Deane did not try to hide Plaintiff's tax liability or lack of deductions or credits from her. He informed Plaintiff when he provided her with a draft tax return indicating that she owed the IRS money because she had not paid taxes for her personal employment (which she does not dispute) or for the household employees. (Doc. 24, ¶ 98.) At the very least, she knew exactly what her tax liability was, even if she disagreed with it, when she received her draft tax return from Mr. Deane in August of 2010, ten months before the tax lien.

Prior to the draft return, Mr. Deane made multiple attempts to get Plaintiff to submit her tax return and taxes owed as soon as possible because there was a balance owed. In fact, as early as May 14, 2010, Mr. Deane told Plaintiff that there were no withholdings from her 2009 income and thus there was a balance due for both federal and Virginia taxes. (Doc. 30-11.) Further, on June 12, 2010, Mr. Deane emailed Plaintiff to follow up and told her that "I haven't heard back

from you about the remaining items needed to complete your 2009 tax returns. Since there is a balance due, it's important to get them finished and paid up as soon as possible." (Doc. 30-12.) Plaintiff argues that these emails' use of the words "you" and "your" meant that the Rogers jointly owed taxes, and as such, she was not aware that they were her sole responsibility. (Doc. 38-10, ¶¶ 27-29.) Regardless of whether the "your" referred to Plaintiff solely, or to the Rogers jointly, in both scenarios Plaintiff owed taxes and had been made aware of that fact by Mr. Deane as early as May of 2010. As such, Plaintiff's damages from not filing her return or paying her taxes in May of 2010 were not proximately caused by Defendants.

Furthermore, the federal tax lien was only put in place because Plaintiff never paid those taxes even after becoming aware of her liability and allowing a year to pass, even though she received untaxed income in 2009. Therefore, any damages flowing from the imposition of the tax lien are also the result of Plaintiff's own actions.

Additionally, Plaintiff's claims regarding the penalty that the IRS levied upon her are confusing and unsupported by evidence in the record. Plaintiff claims she was charged a significant tax penalty for failure to get an extension to file a separate tax return, rather than joint. She states that as a matter of tax law, married parties cannot file a joint extension request and later file separate returns. (Doc. 24, ¶ 45.) However, Plaintiff does not cite to any law supporting that assertion, nor does she provide proof or documentation that her penalty was in fact for a failure to get an extension on filing rather than for non-payment.

Mr. Deane electronically filed for automatic extension for both Mr. Rogers and Plaintiff. *See* Doc. 30-6. The instructions for Form 4868, the extension request, provide that the form enables taxpayers six additional months to file their taxes, but any taxes owed are still due April 15th. (Doc. 30-7.) Form 4868 explicitly contemplates a situation in which a married couple may

file a joint Form 4868 extension request but later file separate returns, because it provides instructions on how to divide the payment on those separate returns in that situation. (*Id.*) Furthermore, even if Plaintiff's unsupported assertion of tax law is true, any tax liability incurred because she ultimately filed as "married filing separately" rather than a joint return is not attributable to Defendants as it was Mr. Rogers' decision to file separately.

The majority of Plaintiff's demands for damages are consequences of the Federal Tax Lien and the IRS and Virginia tax authorities' attempts to collect on Plaintiff's tax liability. Plaintiff claims damages for the IRS levy of wages, difficulty getting credit, difficulty finding employment, distress, and the costs of hiring a subsequent tax accountant and attorneys. These consequential damages are not recoverable because Plaintiff has not presented evidence showing these liabilities were in the contemplation of the parties when they entered into the contract or that Defendants proximately caused those damages.

The Court previously found that as Plaintiff had stated her First Amended Complaint, a number of these damages (difficulty finding employment, distress, and the costs of hiring a new accountant and attorneys to avoid forced tax collection) were not recoverable under Virginia law. *See* Doc. 21, at 49–53. The only real difference between Plaintiff's First Amended Complaint and her Second Amended Complaint is the addition of conclusory statements by Plaintiff that all of her damages were foreseeable. Additionally, Plaintiff has *explicitly* pled that some of these (levy of wages, forced collection effort, inability to get credit, difficulty finding employment and distress) were the result of the Federal Tax Lien from June 2011. (Doc. 24, ¶ 103.) The professional services for which Plaintiff alleges she was required to hire tax accountants and attorneys seem to similarly all relate to the Notice of Federal Tax Lien and subsequent collection efforts by the IRS and Virginia Tax authorities. (*Id.* ¶ 104.) As stated above, the Notice of

16

Federal Tax Lien is the result of Plaintiff's decision, almost a year after firing Defendants, not to pay her outstanding tax liability. This tax liability was plaintiff's responsibility, so any damages that resulted from her decision not to pay it in 2011 are consequential damages not recoverable from Defendant.

Thus, the Court grants Defendants' Motion for Summary Judgment on Plaintiff's breach of contract claim as Plaintiff has not presented sufficient facts in dispute to support her claim for consequential damages or the existence of proximate cause.

### b.  Breach of Implied Covenant of Good Faith and Fair Dealing

The Court grants Defendants' Motion for Summary Judgment with respect to Plaintiff's breach of covenant of good faith and fair dealing claim because it is not an independent cause of action.

Under Virginia law, every contract carries an implied covenant of good faith and fair dealing. *Eplus Tech. Inc. v. Nat'l RR Passenger Corp.*, 407 F. Supp. 2d 758, 762 (E.D. Va. 2005). A claim for the breach of that covenant is a claim for breach of contract. *Id.*; *see also Want v. St. Martin's Press LLC*, No. 1:12-cv-908, 2012 WL 5398887, at *4 (E.D. Va. Nov. 1, 2012). Where there is a claim for breach of contract, the inclusion of a claim for breach of the implied covenant of good faith and fair dealing as a separate claim is duplicative of the breach of contract claim; it does not provide an independent cause of action. *Id.* (citing *Joyce v. Lincoln Nat'l Life Ins. Co.*, 845 F. Supp. 353, 355 (E.D. Va. 1993)).

Therefore, the Court grants Defendants' Motion because Count II is not an independent cause of action from the Count I breach of contract claim.

### c. Statutory Business Conspiracy

The Court grants Defendants' Motion for Summary Judgment with respect to Plaintiff's statutory business conspiracy claim because Plaintiff has not established a prima facie case of business conspiracy. Specifically, Defendants and Mr. Rogers were one legal entity, Plaintiff has failed to demonstrate that Mr. Deane had legal malice towards her business, and Plaintiff has failed to demonstrate that Mr. Deane's allegedly conspiratory actions caused her business injury.

Virginia Code § 18.2-499(a) provides:

> Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever or (ii) willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under § 18.2-500.

In order to recover on a claim for business conspiracy Plaintiff must show: "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring a plaintiff's business, and (2) resulting damage to the plaintiff." *Girgis v. Salient Solutions, Inc.*, No. 1:11-CV-1287, 2012 WL 2792157 (E.D. Va. July 9, 2012) (citing *SecureInfo Corp. v. Telos Corp.*, 387 F. Supp. 2d 593, 616 (E.D. Va. 2005)). If a principal/agent or an employer/employee relationship exists between the parties, the parties are not separate entities. *Perk v. Vector Res. Grp., Ltd.*, 485 S.E.2d 140, 144 (Va. 1997); *see also Haigh v. Matsushita Elec. Corp. of Am.*, 676 F. Supp. 1332, 1349 (E.D. Va. 1987) (employee acting within scope of his duties is deemed an extension of employer and cannot be labeled third party); *Fox v. Deese,* 362 S.E.2d 699 (Va. 1987) (where plaintiff alleged conspiracy between employer and employees, the court must make factual determination of whether employees where acting outside their employment). A

single entity is not legally capable of conspiring with itself. *Id.* (citing *Charles E. Brauer Co., Inc. v. NationsBank of Virginia, N.A.*, S.E.2d 382, 387 (Va. 1996)).

While the principal/agent relationship may not exist in all accountant/client relationships, the agency relationship exists where two or more parties jointly contract to do a single act. *See Houston v. Bain*, 196 S.E. 657, 662-63 (Va. 1938); *Commonwealth v. Edwards*, 370 S.E.2d 296, 301 (Va. 1988) (finding that attorney-client privilege attached itself to client communications made to the attorney's agents, including accountants).

Plaintiff argues that Defendants and Mr. Rogers were not in an agency relationship and even if they were, Defendants' actions were outside the scope of that agency. In her Second Amended Complaint, Plaintiff alleges specifically that: (1) Mr. Deane never agreed to be Mr. Rogers' agent and that he was instead an independent contractor; (2) Mr. Rogers did not have control over the methods or details of Mr. Deane's work; (3) Defendants were not engaged to represent the Rogers before the IRS; (4) Mr. Deane never filed a power of attorney and therefore could not contact the IRS on Mr. Rogers' behalf; (5) Mr. Deane did not have the power to alter Mr. Rogers' legal relations to third parties; and (6) Mr. Rogers never entrusted property to Mr. Deane.

In the hearing on Defendants' Motion to Dismiss, the Court ruled that Defendants and Mr. Deane were in a principal/agent relationship and therefore could not conspire as a matter of law. *See* Doc. 21, at 54-56. In her Opposition to the Motion to Dismiss, and during oral arguments, Plaintiff made almost identical arguments as she now raises in her Second Amended Complaint. Specifically, Plaintiff argued (1) Defendants had not proven that Mr. Deane was Mr. Rogers' agent; (2) Mr. Deane could not alter the legal relations between the principal and third parties; (3) no property was entrusted to Defendants; (4) Mr. Rogers did not have the right of

control over the methods and details of Mr. Deane's work; and (5) if there was an agency relationship, Mr. Deane was not acting within the scope of the purported agency. *See* Doc. 18. The Court considered those arguments and found them unpersuasive and held that a principal/agency relationship existed such that there was no business conspiracy. (Doc. 21, Hr'g Tr. 54:12–55:13, July 26, 2013.)

In amending her complaint for a second time, the only new arguments that Plaintiff raises are that Mr. Deane is an independent contractor and that Mr. Deane never filed a power of attorney and therefore could not contact the IRS on Mr. Rogers' behalf. (Doc. 24, ¶¶ 4–5.) In support of her claims, Plaintiff relies on her own affidavit and provides no citation to any cases stating that a power of attorney is required to form an agency relationship. (*Id.*) In opposition, Mr. Rogers has provided (1) an affidavit stating that Mr. Deane was his agent for tax purposes from the mid-1990s to the present (Doc. 30-4.); (2) cases that establish that a person can act as both an agent and an independent contractor (*Schleit v. Warren*, 693 F. Supp. 416, 420 (E.D. Va. 1988)); (3) multiple years' worth of employment contracts (Doc. 41-3.); and (4) the 2009 tax returns which explicitly provide Mr. Deane as a third party designee with whom the IRS could discuss Mr. Rogers' returns (Doc. 30-13).

Contrary to Plaintiff's assertion, Defendants demonstrated that Mr. Rogers clearly had control over the details of Mr. Deane's work because he made decisions regarding whether to prepare joint or separate tax returns, provided all the details for the tax returns, and instructed Mr. Deane on which deductions, credits, and exemptions to apply to his return. (Doc. 41, at 10.) As such, the Court finds, once again, that an agent/principal relationship existed such that the parties cannot legally conspire, and the preparation of the tax returns is within the scope of that relationship.

Plaintiff attempts to circumvent the Court's previous finding that her arguments are unpersuasive by now alleging in a conclusory fashion that there were "others" involved in the conspiracy. (Doc. 24,  ¶ 90.) The only "other" that she ever refers to is Mr. Rogers' attorney. (Doc. 38-9.) However, because an attorney/client relationship is also a agency relationship, there cannot be a statutory business conspiracy between Mr. Rogers and his attorney either. *See, e.g., Smith v. Purnell*, No. 1:11-cv-922, 2011 WL 6140868 (E.D. Va. Dec. 9, 2011). Furthermore, all of the actions regarding conspiring to harm Plaintiff's business are in relation to tax returns and Plaintiff has not alleged anyone other than Mr. Deane was involved in the preparation of the 2009 taxes. Plaintiff cannot simply insert the word "others" without factual support for her allegation in order to survive a motion for summary judgment.

Even if Defendants were not in an agency relationship, Plaintiff has failed to establish a prima facie case for statutory business conspiracy under Virginia law. There are three elements in a statutory business conspiracy claim in Virginia that must be shown by Plaintiff by clear and convincing evidence: (1) concerted action between two or more people; (2) legal malice towards Plaintiff's business; and (3) that the conspiratorial actions caused Plaintiff's business damages. *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 108 F.3d 522, 526-27 (4th Cir. 1997); *see also Schlegel v. Bank of America, N.A.*, 505 F. Supp. 2d 321, 325 (W.D. Va. 2007).

As stated above, the first element cannot be satisfied where an agent/principal relationship exists. The second element, legal malice, requires a showing "that the defendant acted intentionally, purposefully, and without lawful justification." *Shirvinski v. U.S. Coast Guard*, No. 1:09-CV-896, 2010 WL 4279254, at *4 (E.D. Va. Oct. 25, 2010), *aff'd*, 673 F.3d 308 (4th Cir. 2012) (quoting *Simmons v. Miller*, 544 S.E.2d 666, 676–77 (Va. 2001)).

21

With respect to the second element, legal malice, Plaintiff has failed to demonstrate that Defendants intentionally, purposefully, and without lawful justification conspired against Plaintiff's business. Plaintiff's conclusory statements and bare allegations are insufficient to show a genuine issue of fact that Mr. Deane intended to hurt her business. Furthermore, Plaintiff's assertions are that Mr. Rogers enlisted Mr. Deane to help him cripple Plaintiff financially so that Mr. Rogers could more easily obtain custody of their children. (Doc. 24, ¶¶ 3-4, 89.) If anything, this shows an intent to injure Plaintiff personally, not legal malice towards her business. In response, Plaintiff contends that she does not have to show that all members of the conspiracy share the same unlawful motive. (Doc. 38, at 13.) In support of that proposition, she cites a quote that the statute "does not require that the co-conspirator act with legal malice. Rather the statute simple requires that one party, acting with legal malice, conspire with another party to injure the plaintiff." (Doc. 38, at 13-14 (citing *Multi-Channel TV Cable Co.*, 108 F.3d at 527).) That quote, however, does not support Plaintiff's proposition. She has brought a suit against Mr. Deane, not Mr. Rogers, therefore, in this lawsuit, Mr. Rogers is the alleged co-conspirator, not Mr. Deane. She cannot sue Mr. Deane for business conspiracy without evidence that Mr. Deane conspired to injure her business.

The third element that a plaintiff must show by clear and convincing evidence is that the conspiratory acts caused damages to her business. *Multi-Channel TV Cable Co.*, 108 F.3d at 526–27. In order to satisfy this, Plaintiff must demonstrate two elements. First, that there was an injury to the business and second, that it was the conspiratory actions that caused the injury to the business. In particular, under Virginia law, the injury must be directed to the business, and not to personal or employment interests such as injury to personal reputation. *Shirvinski*, 673 F.3d at 321. The Fourth Circuit has expressed specific concern that because injury to personal reputation

often will ultimately affect employment prospects or professional success, claims under Va. Code § 18.2-499 must be limited to those conspiracies directed at injuring the business specifically. *Id.* (citations omitted)

Plaintiff has not demonstrated a genuine issue of fact that Mr. Deane's acts caused damages to her business. All of the actions that Plaintiff complains of relate to the circumstances surrounding Mr. Deane's preparation of the 2009 personal taxes. However, all of the damages that she asserts flow from the Federal Tax Lien imposed in June of 2011 and subsequent collection attempts. Those damages flow from her actions in not paying the tax liability that at a minimum, she was aware of in August of 2010. In order to link her damages to a business conspiracy, the Court would have to conclude that Defendants knew that she would not pay her taxes on time, that even after becoming aware of penalties and interest she would still not pay her taxes, and that even in 2011, a year after becoming aware of her liability, she would simply not have the money to pay her taxes. Those conclusions are simply too attenuated, and as such, the Court finds as a matter of law that Plaintiff has failed to satisfy the element of causation.

Therefore, the Court grants Defendants' Motion with respect to Plaintiff's statutory business conspiracy claim because Plaintiff is unable to present a prima facie business conspiracy claim.

### III.   CONCLUSION

The Court GRANTS Defendants' Motion for Summary Judgment (Doc. 29) for a number of reasons. First, a number of the arguments that Plaintiff presents regarding breach of contract, the foreseeability of damages, and statutory business conspiracy were already considered by this Court in the Motion to Dismiss hearing and were ruled on as insufficiently pled. In amending her complaint for a second time, rather than providing additional facts, Plaintiff simply alleged more

conclusory statements to support her theories for recovery. Second, Plaintiff has not demonstrated a genuine issue of fact as to her contract claim. Plaintiff has failed to provide any facts showing that Defendants agreed to be responsible for paying Plaintiff's income taxes, late payment penalties, or to be responsible for the repercussions of a federal tax lien. Plaintiff has failed to show that these liabilities were in the contemplation of the parties upon contracting or that Defendant proximately caused these damages.

Additionally, the Court grants Defendant's Motion for Summary Judgment because Plaintiff's claim for breach of covenant of good faith and fair dealing is a breach of contract claim and not an independent cause of action. The Court grants Defendant's Motion for Summary Judgment on Plaintiff's statutory business conspiracy claim because Defendants and Mr. Rogers were one legal entity and therefore could not legally conspire. Finally, even if Mr. Rogers and Defendants could legally conspire, Plaintiff fails to present a prima facie case of business conspiracy because she fails to adequately show a question of fact as to legal malice or injury to her business.

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 29) is **GRANTED**, therefore this case is **DISMISSED**.

**IT IS SO ORDERED.**

ENTERED this *22d* day of January 2014

Alexandria, Virginia
1/22/2014

                                        /s/
                              _____
                              Gerald Bruce Lee
                              United States District Judge

24